## APPEAL OF MARITIME SECURITIES CO.

Docket No. 324.   Submitted December 8, 1924.   Decided June 29, 1925.

1. The taxpayer's income tax for the calendar year 1916 did not accrue as of the close of 1916 and may not be deducted in its entirety from invested capital for the year 1917, but may be deducted, if at all, only from the time that such tax became due and payable.

2. Under section 281 (c) of the Revenue Act of 1924 only overpayments of tax resulting from a failure to take deductions may be credited after the period of limitation has expired.

*Sanford Robinson, Esq.,* for the taxpayer.
*Robert A. Littleton, Esq.,* for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This is an appeal from the determination of income and profits taxes for the year 1917 in the amount of $38,382.72. The appeal was argued upon the petition and answer and a stipulated statement of the facts.

FINDINGS OF FACT.

1. The taxpayer is a Wisconsin corporation and was formerly styled Manitowoc Shipbuilding Co. In filing its return of taxable income for the calendar year 1916 the taxpayer reported a net in-

come of $172,703.84 and paid a tax thereon of $3,454.08 during the year 1917.

2. The taxpayer kept its accounts on an accrual basis but did not, in fact, accrue any amount in 1916 on account of liability for Federal income taxes due and payable in 1917 measured by 1916 income, nor did it take any deduction therefor on its return for the year 1916. It took said deduction when the amount was paid in the year 1917.

3. In the year 1916 the taxpayer became liable to the state government for state taxes in the amount of $5,928.18, but in its return of net income for taxation to the United States it failed to take deduction therefor.

4. In its return of net income, referred to in paragraph 1 above, the taxpayer overstated its net income in the amount of $16,898.44, which amount of overstatement was made up of the item of deduction for state taxes which taxpayer failed to take, together with an overstatement of certain other items constituting gross income.

5. During the year 1917 the taxpayer paid Federal income tax for the Manitowoc Boiler Works Co. amounting to $817.72. The Manitowoc Boiler Works Co. was a former subsidiary corporation of the Manitowoc Shipbuilding Co., in which the Manitowoc Shipbuilding Co. owned 100 per cent of the stock. The Manitowoc Boiler Works Co. was dissolved on June 30, 1916. All of the assets were taken over by the Manitowoc Shipbuilding Co. The Manitowoc Boiler Works Co. went out of existence on or about June 30, 1916, and the Manitowoc Shipbuilding Co. did not accrue during 1916 this liability of the Manitowoc Boiler Works Co. for Federal income taxes.

6. In 1921 the Commissioner audited the returns of the taxpayer for the year 1917 and determined a deficiency in tax in the amount of $38,382.72. In computing this deficiency for 1917 the Commissioner treated the taxes paid by the taxpayer for the Manitowoc Boiler Works Co. as the discharge of a liability of the taxpayer and reduced the taxpayer's invested capital for the year 1917 by the amount of taxes so paid. He likewise deducted from the taxpayer's invested capital for 1917 the amount of taxes paid by it on account of taxes upon the income of the year 1916, including the amount overpaid for that year. Also, he declined to compute the taxpayer's liability for 1916 taxes by deducting from gross income Federal income taxes based upon the income of that year. As a result of the Commissioner's action in this respect the taxpayer's invested capital for 1917 was reduced by the following three amounts:

    (1) $337.97 overpayment on $16,898.44, at 2 per cent;

    (2) $61.10 overpayment due to disallowance of deduction for 1916 income taxes in arriving at taxable income for 1916;

(3) $817.72 representing taxes paid for the Manitowoc Boiler Works Co.

7. The Commissioner likewise refused to credit the deficiency determined for the year 1917 with the overpayment made on account of 1916 taxes.

8. The audit made by the Commissioner, revising the 1916 income of the taxpayer, which is agreed to by the taxpayer by stipulation, is as follows:

1916.

Corrected—Manitowoc Shipbuilding Co.:

| | | |
|---|---:|---:|
| 3a | $391, 503. 89 | |
| 3b | 300. 00 | |
| 3c | 5, 986. 34 | |
| Total gross income | | $397, 790. 23 |
| 4a | $184, 334. 96 | |
| 4b | 405. 25 | |
| 5b | 28, 486. 96 | |
| 6a | 14, 675. 45 | |
| 7a | 14, 082. 19 | |
| | | 241. 984. 83 |
| Corrected net income | | 155, 805. 40 |
| Net income reported | | 172, 703. 84 |
| Difference | | 16, 898. 44 |
| Refund due, at 2 per cent | $337. 97 | |

This difference in income is determined as follows:

| | | | |
|---|---:|---:|---:|
| Item 3a, reported | | $402, 474. 15 | |
| Less: Fictitious gain in Chippewa Sugar Co. stock (see Ex. 2) | $668. 08 | | |
| Reserve for inventory credit to surplus | 5, 000. 00 | | |
| Manitowoc Boiler Works Co., cash | 6, 157. 18 | | |
| Total | 11, 825. 26 | | |
| Less: Premium paid on capital purchased (deducted in error) | 855. 00 | | |
| Net difference | | 10, 970. 26 | 10, 970. 26 |
| Item 3a, corrected | | 391, 503. 89 | |
| Item 7a, reported | | 8, 154. 01 | |
| Accrued State taxes omitted | | 5, 928. 18 | 5, 928. 18 |
| Item 7a corrected | | 14, 082. 19 | |
| Total difference in net income (see Ex. 1) | | | 16, 898. 44 |

9. On August 11, 1924, the Commissioner advised the taxpayer by registered letter of his determination of a deficiency in tax for the year 1917, and on October 6, 1924, the taxpayer initiated this appeal by the filing of a petition.

10. It is stipulated that only that portion of the deficiency is in question which results from the disallowance by the Commissioner of the items referred to in paragraphs 6, 7, and 8 of these findings of fact.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final decision of the Board will be settled on consent or on ten days' notice, in accordance with Rule 50.

### OPINION.

KORNER, *Chairman:* Three questions are presented by this appeal:

1. Is the taxpayer company entitled to have restored to its invested capital for the year 1917, either its total Federal income tax for 1916 paid in 1917, or certain overpayments of that tax made by it for the year 1916?

2. Is the taxpayer entitled to have restored to its invested capital for the year 1917 an item of tax paid by it for a dissolved subsidiary corporation under circumstances hereinafter related?

3. Is the taxpayer now entitled to have credit on a deficiency tax for the year 1917 for the amount of an overpayment of taxes made by it for the year 1916, growing out of an overstatement by it of its net taxable income for the year 1916?

For the year 1916 the taxpayer reported taxable income in the amount of $172,703.84, which was $16,898.44 in excess of its true net income. On the amount reported it paid $3,454.08 in taxes. The Commissioner finds that the correct taxable income was $155,805.40, on which the correct amount of tax was $3,116.10—resulting in a refund of $337.98 due the taxpayer, except for the statute of limitations. While finding that the correct tax liability of the taxpayer for the year 1916 was $3,116.10, the Commissioner, in adjusting the taxpayer's invested capital for the year 1917, refused to restore to invested capital the item of $337.98. The taxpayer contends that its invested capital for 1917 should be reduced (as relates to the taxes for 1916) only in the amount accrued or incurred within and for the year 1916.

It would appear to be the position of the Commissioner that the taxpayer, having paid its 1916 tax in the amount above stated, and now being unable to recover that tax, may not include the tax so paid in invested capital for the reason that, when it was paid, it passed out of the capital of the taxpayer and will never be restored to it. In so far as this position is not modified later in this opinion, we are disposed to agree with the Commissioner.

The Board, however, has decided in the *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135, that taxes do not accrue until they become due and payable. Such being the case, the 1916 tax of this taxpayer did not accrue as of the close of 1916, and may not be deducted in its entirety from invested capital for the year 1917, but may be deducted, if at all, only from the time it became due and payable.

The taxpayer further contends that there should be restored to its invested capital for the year 1917 an item of $61.10. This item represents the difference between the tax liability computed for the year 1916, without deducting the 1916 Federal taxes in computing net income, and that tax liability computed after such deduction has been made. The Commissioner computed the tax, as above stated, to be $3,116.10; but if net income is computed after deducting the Federal taxes for that year, such true tax liability is in the amount of $3,055. In computing the deficiency in tax for the year 1917, the matter in controversy here, the Commissioner refused to restore to taxpayer's invested capital for 1917 the item of $61.10.

Inasmuch as we have held above that the entire amount of 1916 tax, whether correctly computed or not, may not be deducted from the taxpayer's invested capital until it becomes due and payable, it follows that the item of $61.10 falls within the entire total already restored, and no further comment is necessary upon that item.

The second point of the taxpayer relates to an item of $817.72, by which amount the Commissioner reduced its invested capital for the year 1917 on the ground that this item represented a liability of the taxpayer for 1916 income taxes due from a subsidiary corporation which had been dissolved on June 30, 1916, and the assets of which had been taken over by the taxpayer. The record is very meager on this point, the only evidence bearing thereon being a portion of the stipulation of facts entered into between the taxpayer and government counsel, reading as follows:

During this year (1916) it (the taxpayer) also paid Federal Income Taxes for the Manitowoc Boiler Works amounting to $817.72. The Manitowoc Boiler Works was a former subsidiary of the Manitowoc Shipbuilding Company in which the shipbuilding company owned one hundred per cent of the stock. The boiler works company was dissolved on June 30, 1916. All of the assets were taken over by the Manitowoc Shipbuilding Company. The boiler works went out of existence on or about June 30, 1916 and the Manitowoc Shipbuilding Company did not accrue during 1916 this liability of the Manitowoc Boiler Works for Federal Income Taxes.

The disposition of the taxpayer's *own* 1916 Federal income tax *with respect to invested capital for the year 1917* governs the foregoing items with respect to the income tax of its subsidiary, which may not be deducted from invested capital until such time as the said tax became due and payable.

In its third point the taxpayer contends that it should be allowed a credit on the deficiency proposed to be assessed for the year 1917 in the amount of $337.97, which amount represents an overpayment made by it on account of its 1916 income taxes; that the overpayment in taxes resulted from an overstatement of net income by the taxpayer for the year 1916 in the amount of $16,898.44; that of this overstated amount of net income $5,928.18 resulted from a failure to take a deduction on account of state taxes accrued; that the balance of this overstated amount of net income represents reductions made by the Commissioner in taxpayer's *gross* income, and is not represented by deductions; and that the invested capital of the taxpayer for the year 1917 was decreased by the Commissioner in the amount of 2 per cent on the said overstatement of net income in the amount of $337.97, with the result that there was an overpayment of that amount in the previous year for which it is entitled to a credit without the filing of a claim therefor, notwithstanding the period of limitation has expired.  Its claim in this respect is predicated on section 281 (c) of the Revenue Act of 1924, which reads as follows:

(c) If the invested capital of a taxpayer is decreased by the Commissioner, and such decrease is due to the fact that the taxpayer failed to take adequate deductions in previous years, with the result that there has been an overpayment of income, war-profits, or excess-profits taxes in any previous year or years, then the amount of such overpayment shall be credited or refunded, without the filing of a claim therefor, notwithstanding the period of limitation provided for in subdivision (b) has expired.

The contention of the taxpayer is that the above-quoted section should be construed so as to apply to every case where the invested capital of a taxpayer is decreased by the Commissioner, due to the fact that the taxpayer reported excessive net taxable income in previous years, *even though resulting from an overstatement of gross income.*

In this position we are of opinion that the taxpayer is clearly in error.  The plain provisions of the statute preclude any such construction.  " Deductions " is a term used in all revenue acts and has a well-defined meaning.  Deductions are those subtractions which are made from gross income in order to arrive at net income.  They include among other things taxes paid to state governments.  A taxpayer's action in computing his gross income at too great an amount can not be described as a failure to take an adequate deduction from gross income, even though such action admittedly has the effect of unduly increasing net income.

To the extent that the taxpayer in the instant appeal failed to take adequate deduction in 1916 for state taxes accrued, its claim should be allowed.  The amount of state taxes so accrued was

$5,928.18, and 2 per cent on this amount is $118.56. The taxpayer's claim should be allowed to the extent of $118.56, and should be disallowed as to the remainder of $219.41.